UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:20-CR-00072-DCLC-CRW |
| | ) | |
| vs. | ) | |
| | ) | |
| JEREMY SMALLWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge [Doc. 97]. In the report and recommendation, the magistrate judge recommends that Defendant Jeremy Smallwood's Motion to Suppress [Doc. 51], Supplemental Motion to Suppress [Doc. 71], and Motion to Dismiss [Doc. 91] be denied. Smallwood objected to the magistrate judge's report and recommendation [Doc. 98], and the government responded to Smallwood's objections [Doc. 99]. This matter is now ripe for resolution.

**I.     BACKGROUND**

On May 26, 2020, Tyjuan Marsh shot Smallwood multiple times after a dispute between the two [Doc. 97, pgs. 1-2]. Officers found three firearms at the scene, one in Marsh's possession and two on the ground between Marsh and Smallwood [*Id.*]. Officers took Smallwood to a local medical center for treatment and arrested Marsh [*Id.*, pg. 2]. Approximately three months later, on August 13, 2020, the Honorable William K. Rogers, Circuit Judge for the Second Judicial District, issued an arrest warrant for Smallwood based on a violation of his probation for constructively possessing two of the firearms during the May 26 shooting [*Id.*, pg. 3]. Four days

later, Sullivan County Sheriff's deputies arrested Smallwood shortly after he drove away from his home with a passenger [*Id.*]. During his arrest, deputies recovered a baggie of heroin, two handguns, $1,076.00, a handgun magazine and ammunition, and two iPhones [*Id.*]. Additionally, after his arrest, Smallwood allegedly made inculpatory statements as he was booked into jail and while he was transported to federal court for his arraignment—both of which occurred after he was read his *Miranda* rights [Docs. 51, pgs. 13-16; 97, pg. 4].

A federal grand jury indicted Smallwood with four counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 84, pgs. 1-5].

Smallwood moved to suppress all evidence collected during his arrest on August 17, 2020 [Doc. 51]. Smallwood explained that Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent Jamie Jenkins offered an affidavit in support of the August 13 arrest warrant, alleging that Smallwood—a convicted felon—constructively possessed two firearms on May 26, 2020 [*Id.*, pg. 2]. Smallwood argued that the deputies did not have reasonable suspicion to seize him on August 17, 2020, which showed that all evidence obtained after the arrest should be suppressed [*Id.*, pgs. 3-13]. Specifically, Smallwood asserted that there was no evidence he committed any traffic violations to provide an independent basis for his seizure other than the August 13 arrest warrant [*Id.*, pg. 9]. Smallwood also asserted that the deputies detained him for more than an hour after his arrest before transporting him to jail in an effort to "wear down his will to resist making a statement." [*Id.*, pg. 15].

2

Smallwood then filed a supplemental motion to suppress, challenging the August 13, 2020, arrest warrant, two search warrants dated August 14, 2020, for his home and cell site location information from a cellphone, and an August 20, 2020, search warrant for a red iPhone recovered during his August 17th arrest [Doc. 71, pgs. 1-2]. Smallwood argued that those warrants all were "based on an unlawful violation of the Health Insurance Portability and Accountability Act" ("HIPAA"), which violated his Fourth Amendment rights [*Id.*]. Smallwood explained that each affidavit in support of the search warrants relied on information from a confidential informant [*Id.*, pg. 2]. According to Smallwood, that confidential informant was a former home health nurse who treated him while he was recovering from his gunshot wounds from the May 26, 2020, shooting [*Id.*]. He asserted that his former nurse called his probation officer, Drew March, on August 13, 2020, to provide the information that was the basis of the August 13 arrest warrant [*Id.*]. Smallwood alleged that the information his former nurse provided was false and, in any event, violated HIPAA [*Id.*, pgs. 8-14]. Smallwood also argued that his former nurse's statement to Probation Officer March did not offer enough specificity to support the search warrants for the red iPhone, his home, or the cell site location data [*Id.*, pgs. 11-14].

Lastly, Smallwood moved to dismiss his case or, alternatively, suppress all evidence because the "cumulative effect of the government's actions . . . deprived [him] of due process and fundamental fairness." [Doc. 91, pg. 1]. Smallwood also requested a hearing under *Franks v. Delaware*, 438 U.S. 154, 155 (1978), to challenge the veracity of the arrest warrant [*Id.*]. He argued that the August 13 arrest warrant contained false statements about his possession of firearms, the government used his former nurse as an agent of the state to obtain information about him, and the former nurse provided false information for the search warrant for the red iPhone [*Id.*,

3

pgs. 6-13]. Smallwood also argued that the affidavit in support of the August 13 arrest warrant omitted facts and contained misleading information [*Id.*, pgs. 6-9].

The magistrate judge conducted an evidentiary hearing on March 7, 2020, and heard testimony from Detective Jeff Dotson, Lieutenant Burk Murray, Detective Derrick Shaffer, K9 Officer Justin Bays, Detective James Legg, and Detective Daniel Lane, who were all officers with the Sullivan County Sheriff's Department and involved in Smallwood's arrest and the subsequent searches of his property [Doc. 97, pgs. 6-17]. The magistrate judge found that: (1) the August 13 arrest warrant contained enough information to show probable cause that Smallwood violated the terms of his probation; (2) officers had reasonable suspicion to stop Smallwood's car on August 17, 2020, and arrest him; (3) officers had probable cause to search his vehicle during his arrest and did not detain him unnecessarily; (4) Smallwood voluntarily made inculpatory statements during his booking and transport to federal court; (5) the August 14, 2020, search warrant for his home contained corroborated, reliable information that did not violate his Fourth Amendment rights and did not require a *Franks* hearing; and (6) the August 20, 2020, search warrant for the red iPhone provided sufficient information to establish probable cause for the search of that phone [*Id.*, pgs. 17-32].[1]

Smallwood now objects to the entirety of the magistrate judge's report and recommendation [Doc. 98], and the government has responded to his objections [Doc. 99].

---

[1] The government conceded that it would not use the information obtained from the search warrant for Smallwood's cell site location data, and the magistrate judge concluded that "the government will not be permitted to introduce any information [at trial] obtained utilizing [that] warrant." [Doc. 97, pg. 4]. The Court agrees with the magistrate judge's conclusion and therefore does not address the propriety of the search warrant for Smallwood's cell site location data.

4

## II. LEGAL STANDARD

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). It is necessary, however, only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Moreover, *de novo* review does not require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–78 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting her in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is thus entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

## III. ANALYSIS

Smallwood objects to the entirety of the magistrate judge's report and recommendation [Doc. 98]. Smallwood, however, largely reiterates the arguments from his previous motions, stating that: (1) officers did not corroborate the tip they received from one of Smallwood's home health nurses; (2) the affidavit in support of the August 13 arrest warrant omitted facts and contained misleading information; (3) a *Franks* hearing is necessary to probe the affidavit supporting the August 13 arrest warrant; (4) the government lacked reasonable suspicion for its

seizure and arrest on August 17; (5) there was no evidence of a valid waiver of his *Miranda* rights; (6) officers detained him for more than an hour to "wear down his will"; (7) his former nurse provided false information to support the search warrants for his home and iPhone; and (8) the magistrate judge failed to address the cumulative effect of the government's actions that violated his due process and fundamental fairness rights [*Id.*, pgs. 2-10].

Additionally, Smallwood presents new facts that the magistrate judge did not consider during the evidentiary hearing or in producing the report and recommendation [Doc. 98, pgs. 2-3]. Smallwood purports to have conducted interviews with all of the home health nurses who treated him, in an effort to determine who provided the anonymous tip to officers for the various warrants at issue [*Id.*]. According to Smallwood, all the nurses interviewed denied seeing him engage in illegal activity and denied making the anonymous tip to officers for the August 13 arrest warrant [*Id.*]. The government responds that the magistrate judge's report and recommendation correctly resolved all of Smallwood's arguments [Doc. 99, pgs. 1-5]. It asserts that the sufficiency of the August 13 arrest warrant is not impacted by the tip from Smallwood's former nurse and that the tip had sufficient indicia of reliability that was corroborated by other information [Doc. 99, pg. 2].

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to a magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed

by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *See id.*

As noted above, Smallwood's objections largely reiterate the arguments he previously presented in his motions [*Compare* Doc. 98 *with* Docs. 51, 71, 91]. Because Smallwood's objections reiterate his previously raised arguments, his objections are considered general objections that do not sufficiently identify alleged errors in the report and recommendation. *See id.* The district court does not need to provide *de novo* review where objections to a report and recommendation are general. *See Mira*, 806 F.2d at 637. Accordingly, the Court overrules Smallwood's objections to the extent they reiterate his previously raised arguments and adopts the magistrate judge's report and recommendation as to those arguments.

As to the new evidence Smallwood presents from his interviews with the home health nurses who treated him, the Court declines to consider that evidence at this stage of the proceeding. First, an objection to a magistrate judge's report and recommendation is an inappropriate vehicle for raising new facts. *See Norton v. Barker, et al.*, No. 2:21-CV-00084, 2021 WL 4128865, at *2-*3 (E.D. Tenn. Sep. 9, 2021). More importantly, Smallwood had the opportunity to present evidence of these interviews before the magistrate judge issued her report and recommendation. Smallwood contested the veracity of the tip from his former nurse in his supplemental motion to suppress, which was filed in March 2022 only a few weeks after the evidentiary hearing on his initial motion to suppress. [*See* Doc. 71]. Smallwood then filed a motion to dismiss his indictment based, in large part, on the alleged doubts about the information that the former nurse provided to officers for the warrants at issue. [*See* Doc. 91]. He could have presented his evidence in either of those two motions for the magistrate judge to consider in her report and recommendation, but he declined to do so. Thus, the Court overrules Smallwood's objections in this regard.

7

## IV. CONCLUSION

After thorough consideration of Smallwood's Objections [Doc. 98], the Report and Recommendation [Doc. 97], and the record as a whole, the Court finds that the Report and Recommendation properly analyzes the issues presented. For the reasons set out in the Report and Recommendation, which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation [Doc. 97] is **ADOPTED** and Smallwood's motions [Doc. 51, 71, 91] are **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge